IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

| | |
|---|---|
| JOSHUA WINCE, DELIA LOFTIS, and CARLTON WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EASTERBROOKE CELLULAR CORPORATION; NEW CINGULAR WIRELESS PCS, LLC; AT&T MOBILITY II LLC; AT&T MOBILITY LLC; AT&T INC., and JOHN DOES 1 THRU 10,<br><br>Defendants. | Civil Action No. 2:09-cv-00135-JPB |

## DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFF WHITE WITH SUPPORTING MEMORANDUM OF LAW

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Easterbrooke Cellular Corporation; AT&T Mobility LLC; AT&T Mobility II, LLC; New Cingular Wireless PCS, LLC; and AT&T Inc.[1] respectfully request that this Court dismiss plaintiff Carlton White's claims because he has failed to state a claim upon which relief can be granted. White contends that defendants breached—or caused another defendant to breach—a contract with him, and that defendants engaged in practices prohibited by the West Virginia Consumer Credit and Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101, *et seq.* Both claims require White to plead that he

---

[1] In this suit, the plaintiffs have improperly named several defendants, including New Cingular Wireless PCS, LLC, AT&T Mobility II, LLC, and AT&T Inc. Contemporaneous with this filing, AT&T Inc. is filing a motion to dismiss for lack of personal jurisdiction. This Court should consider that jurisdictional motion first and dismiss AT&T Inc. from this lawsuit. If, however, the Court concludes that it does have jurisdiction over AT&T Inc., it should nonetheless dismiss White's claims against it as well as his claims against all other defendants.

suffered damages—*i.e.*, some sort of concrete harm. But White has failed to allege any facts that, if true, would demonstrate any such tangible injury. Accordingly, because White has failed to plead a necessary element for both of his claims, the Court should dismiss White from this action.

## BACKGROUND

Plaintiff Carlton White is a resident of West Virginia. Compl. ¶ 5. On August 31, 2009, White and two other plaintiffs commenced this putative class-action lawsuit in the Circuit Court of Randolph County, West Virginia.[2] On November 13, 2009, defendant AT&T Mobility LLC ("ATTM") removed the action to this Court.

In his complaint, White claims that he "was a party to a contract with Defendant Easterbrooke Cellular Corporation." *Id.* ¶ 26. He contends that the contract "could only be terminated at the end of a term" (*id.* ¶ 28) and that it contained a provision whereby if he "terminated or breached the contract prior to the expiration of the term," he "would be assessed liquidated damages in the amount of $200." *Id.* ¶ 29.

Plaintiff White alleges that after ATTM acquired the assets of Easterbrooke Cellular Corporation, "the Defendants informed him that 'to avoid service interruption, you must switch to an AT&T phone and rate plan by August 31, 2008.'" *Id.* ¶ 31. White asserts that these communications were "deceptive, misleading, and unfair" because they did not inform him (1) "that Defendant Easterbrooke Cellular Corporation intended to breach its contracts with [him]" (*id.* ¶ 33), (2) "that because Defendant Easterbrooke Cellular Corporation intended to breach its contracts with [him] * * *, [he] * * * would not be subject to the liquidated damages clause if

---

[2] Because Wince's co-plaintiffs—Joshua Wince and Delia Loftis—are or were customers of AT&T Mobility LLC, their claims are subject to binding arbitration for the reasons set forth in Defendants' Motion to Compel Arbitration.

2

[he] * * * terminated service after the April notice" (*id.* ¶ 34), and (3) "that [he] * * * [was] free to enter into contracts with different providers" (*id.* ¶ 35).[3]

In his complaint, White asserts two causes of action. He contends that defendants breached—or caused another defendant to breach—a contract (Compl. ¶¶ 49-52), and that defendants violated the West Virginia Consumer Credit and Protection Act (*id.* ¶¶ 53-55).

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court should dismiss White's claims because he has failed to plead an essential element of both claims: that he suffered concrete damages or harm. White's mere assertions that he was injured are inadequate. *See* Compl. ¶ 52 ("The breach of the contract by the Dealership [*sic*] proximately caused Plaintiffs and the putative class to suffer damage."); *id.* ¶¶ 52, 55 ("Plaintiffs and the putative class suffered damages proximately caused by the aforesaid unfair or deceptive acts of practices."). But White has failed to allege ***any fact*** that, if true, would support these legal conclusions. *See Trulock v. Freeh*, 275 F.3d 391, 405 n.9 (4th Cir. 2001) ("The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." (citation & alteration omitted)). Labels and conclusions are not enough: White's unadorned allegation that he "suffered damage" is an insufficient basis to permit this action to proceed.

---

[3] On November 4, 2009, class representatives received preliminary approval of a nationwide settlement of all claims relating to the flat-rate early termination fee ("ETF") of AT&T Mobility LLC, as well as those of its predecessors, successors, and corporate affiliates, in a federal action in the United States District Court for the District of New Jersey. *See* Preliminary Approval Order, *Hall, et al. v. AT&T Mobility LLC*, Case No. 07-5325 (D.N.J. Nov. 4, 2009) (Docket Item No. 421). While the *Wince* Complaint is not a model of clarity, the claims asserted therein are at least partially, and possibly entirely, within the scope of those released by the settlement agreement and should be stayed. *Accord* Minutes of In Chambers Order re Stay, *Sasik v. AT&T Wireless Servs., Inc.*, No. 05-2346, *Waldmann v. Cingular Wireless LLC*, No. 07-5087, at 1 (C.D. Cal. Sept. 17, 2009) (Docket Item No. 140) (entering stay of proceedings "pending the New Jersey court's determination of the parties' Motion for Preliminary Approval of Settlement"). If necessary, ATTM intends to file a separate motion to stay to address this issue.

I. **UNDER RULE 12(B)(6), WHITE MUST PLEAD FACTS SHOWING THAT HE SUFFERED DAMAGES AS A RESULT OF THE CHALLENGED CONDUCT**

A. **A Plaintiff's Mere Recitation Of Legal Conclusions Cannot Withstand A Motion To Dismiss.**

"To survive a motion to dismiss, a complaint must contain *sufficient factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 1937 S. Ct. at 1949.

Although "a court must accept as true all of the allegations contained in a complaint," that principle is "inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. A court, therefore, is simply "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are an insufficient basis to plead a claim. *Iqbal*, 1937 S. Ct. at 1949. For this reason, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

B. **White Is Required To Plead Concrete Injury As An Element Of Each Of His Causes Of Action.**

White's claims for breach of contract and for violation of the WVCCPA each require him to plead that he was damaged (*i.e.*, harmed) in some concrete way.

1. Under hornbook contract principles, proof of damages is a necessary element of a breach of contract claim. Such a claim "does not lie in any case except where damages are

sought for the breach of a contract express or implied." *Hall v. Philadelphia Co.*, 81 S.E. 727, 728 (W. Va. 1914). Accordingly, under West Virginia law, "to state a claim for breach of contract under Rule 8, [a plaintiff] must allege the following elements: the existence of a valid, enforceable contract, that the plaintiff has performed under the contract, that the defendant has breached or violated its duties or obligations under the contract, ***and that the plaintiff has been injured as a result.***" *Executive Risk. Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, No. 2:08-cv-00810, 2009 WL 2357114, at *28 (S.D. W. Va. July 30, 2009) (emphasis added). Although White is not required to quantify precisely the damages he asserts, he must allege facts demonstrating that he was *actually* injured or damaged in some way.

2. Likewise, to properly plead a claim under the WVCCPA, a plaintiff must allege that he has suffered some injury. The statute provides a cause of action to "[a]ny person who purchases or leases goods or services and ***thereby suffers any ascertainable loss of money or property***, real or personal, as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article." W. Va. Code § 46A-6-106 (emphasis added). Accordingly, a showing of injury—an "ascertainable loss of money or property"—is a necessary element of the offense.

Given this clear statutory requirement, the West Virginia Supreme Court of Appeals has found that a plaintiff has no claim under this statute if he or she is not "entitled to recover damages." *Orlando v. Finance One of West Virginia, Inc.*, 369 S.E.2d 882, 887-88 (W. Va. 1988). In *Orlando*, for example, plaintiffs contended that a particular provision within a loan agreement violated the WVCCPA. *Id.* at 886-887. Although the court agreed that the clause violated the statute, it noted that the defendant "made no attempt to enforce" the unlawful provision. *Id.* at 886. Thus, because the plaintiffs had not established that they had specifically been harmed, the court held that they could not state a claim under the WVCCPA. *Id.*; *see also*

5

*Jones v. Sears Roebuck & Co.*, 301 Fed. App'x 276, 289 (4th Cir. 2008) (applying *Orlando* to reject a WVCCPA claim where plaintiffs "never alleged a loss of money or property due to the inclusion of an alleged unconscionable provision in their credit card agreements").

To be sure, White need not allege a specific amount of actual damages. But he must plead facts that, if true, demonstrate he lost ***some*** quantity of money or property as a result of the defendants' alleged violations of the WVCCPA.

## II. WHITE HAS FAILED TO PLEAD THAT HE HAS SUFFERED ANY DAMAGES AS A RESULT OF THE DEFENDANTS' ALLEGEDLY IMPROPER CONDUCT.

White fails to allege ***any*** facts in his complaint that, if true, would demonstrate a concrete injury or damages. For example, White alleges that his contract with Easterbrooke Cellular Corporation contained an early termination fee (Compl. ¶ 29), but he does not contend that he (or anyone else) ever paid such a fee. To the contrary, he expressly contends that customers were not subject to the liquidated damages clause. *Id.* ¶ 34. Further, White alleges that ATTM's marketing efforts were "deceptive, misleading, and unfair" (*id.* ¶¶ 31-37), but he does not allege either that he became an ATTM customer as a result of those efforts, or that, if he had done so, he would have been injured or harmed in any tangible way by accepting ATTM service. In sum, White alleges no facts that could support any claim of injury.

It is true that White (briefly) mentions damages in the course of reciting the elements of his causes of action. With respect to his breach of contract claim, White states that "[t]he breach of the contract by the Dealership [*sic*] proximately caused Plaintiffs and the putative class to suffer damage." Compl. ¶ 52. Similarly, with respect to the WVCCPA claim, White asserts that "Plaintiffs and the putative class suffered damages proximately caused by the aforesaid unfair or deceptive acts or practices." *Id.* ¶ 55. But White pleads no facts whatsoever to support these

legal conclusions. The Complaint offers no basis to suggest that White suffered a loss of money, a loss of property, or damages of any kind. Indeed, White identifies no harm to him whatsoever.

Such pleading is precisely the kind of "formulaic recitation of the elements of a cause of action" that the Federal Rules preclude. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). White's allegations of damages are solely "labels and conclusions," and as such are wholly insufficient to support a claim. *Id.* Although White is permitted to assert "legal conclusions [that] can provide the framework of a complaint," those conclusions cannot stand alone; instead, they "***must be supported by factual allegations***." *Id.* at 1950 (emphasis added). White has utterly failed to present any such factual allegations to support his conclusory allegations of injury. Because he fails to allege facts that (if true) would demonstrate the existence of injury, White's claims must be dismissed.

Other federal courts have recently dismissed claims that suffer from the same types of deficiencies as White's complaint. For example, one court recently dismissed a lawsuit against Amtrak based on an equivalent failure to plead harm in any meaningful way. *Warfield Phila., L.P. v. Nat'l Passenger R.R. Corp.*, No. 09-1002, 2009 WL 4043112, *8 (E.D. Pa. Nov. 20, 2009). In *Warfield*, the plaintiff sued, in part, on a breach of contract theory. To establish damages, the plaintiff solely pleaded that it had suffered "lost profits." *Id.* In light of this bald legal conclusion, the court granted Amtrak's motion to dismiss, finding that the plaintiff "plead[ed] *no* facts regarding what profits it allegedly lost." *Id.* (emphasis added). Likewise, in *In re Samsung DLP Television Class Action Litig.*, No. 07-2141 (GEB), 2009 WL 3584352, at *4 (D.N.J. Oct. 27, 2009), the plaintiffs asserted claims arising under several state consumer protection laws. The court granted defendant's motion to dismiss because the plaintiffs "merely submit[ted] a formulaic, heavily abridged, and cursory recitation of the elements of various consumer protection laws." *Id.* The court found that the "redundant 'labels' and 'conclusions'

7

that baldly assert [that] Plaintiffs are entitled to relief * * * 'will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And these are not unique examples; courts routinely dismiss claims when a plaintiff fails to support an element of the claim with factual allegations. *See, e.g., Whitt v. Doe*, No. 2:09-0707, 2009 WL 3856669 (S.D. W. Va. Nov. 16, 2009) (court dismissed claim for failing to allege essential element); *Winter v. Chevy Chase Bank*, No. C 09-3187 SI, 2009 WL 3517619, at *3-4 (N.D. Cal. Oct. 26, 2009).

White's claims fail for precisely the same reasons.

## CONCLUSION

Defendants respectfully request that the Court dismiss plaintiff White's claims pursuant to Rule 12(b)(6).

DATED: December 4, 2009

/s/   Jeffrey M. Wakefield
Jeffrey M. Wakefield (WV Bar No. 3894)
FLAHERTY SENSABAUGH BONASSO PLLC
200 Capitol Street
Post Office Box 3843
Charleston, West Virginia 25338-3843
Telephone:  (304) 345-0200
Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKIINS DIVISION

| | |
|---|---|
| JOSHUA WINCE, DELIA LOFTIS, and CARLTON WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EASTERBROOKE CELLULAR CORPORATION; NEW CINGULAR WIRELESS PCS, LLC; AT&T MOBILITY II LLC; AT&T MOBILITY LLC; AT&T INC., and JOHN DOES 1 THRU 10,<br><br>Defendants. | Civil Action No. 2:09-cv-00135-JPB |

## CERTIFICATE OF SERVICE

I, Jeffrey M. Wakefield, counsel for defendants, hereby certify that on December 4, 2009, I electronically filed the foregoing "**Defendants' Motion to Dismiss Claims of Plaintiff White with Supporting Memorandum of Law**" with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

> Scott Curnutte, Esq.
> Phillip S. Isner, Esq.
> Curnutte Law Office
> P.O. Box 1605
> Elkins, West Virginia 26241
>
> Brian A. Glasser, Esq.
> Eric B. Snyder, Esq.
> Bailey & Glasser, LLP
> 209 Capitol Street
> Charleston, West Virginia
> *Counsel for Plaintiffs*

/s/  Jeffrey M. Wakefield
Jeffrey M. Wakefield (WV Bar No. 3894)