IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

JOSHUA WINCE, DELIA LOFTIS, and
CARLTON WHITE, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.                                                 CIVIL ACTION NO. 2:09-CV-135
                                                      (BAILEY)

EASTERBROOKE CELLULAR
CORPORATION; NEW CINGULAR WIRELESS
PCS, LLC; AT&T MOBILITY II LLC; AT&T
MOBILITY, LLC; AT&T INC.; and
JOHN DOES 1 THRU 10,

    Defendants.

**ORDER GRANTING DEFENDANT AT&T INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DEFENDANTS' MOTION TO DISMISS CLAIMS OF PLAINTIFF WHITE AND DENYING DEFENDANT AT&T MOBILITY LLC'S MOTION TO STAY**

Currently pending before this Court are Defendant AT&T Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 6], filed December 4, 2009; Defendants' Motion to Dismiss Claims of Plaintiff White [Doc. 7], filed December 4, 2009; and Defendant AT&T Mobility LLC's Motion to Stay [Doc. 18], filed January 25, 2010. Plaintiffs responded to the December 4, 2009, motions on January 11, 2010, and Defendants replied on January 25, 2010. Plaintiffs have not responded to the motion to stay. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the December 4, 2009 motions should be **GRANTED** and the motion to stay should be **DENIED**.

1

## BACKGROUND

This case involves a putative class action containing breach of contract and West Virginia Consumer Credit and Protection Act ("WVCCPA") claims against, *inter alia*, several AT&T entities, including AT&T Mobility ("ATTM"). The Complaint [Doc. 1-1] was originally filed in the Circuit Court of Randolph County, West Virginia, on August 31, 2009, by Plaintiffs Joshua Wince ("Wince"), Delia Loftis ("Loftis"), and Carlton White ("White"). The defendants removed the action to this Court on November 13, 2009 [Doc. 1] pursuant to the Class Action Fairness Act ("CAFA").

In the Complaint, the plaintiffs claim they were each parties to separate contracts with Defendant Easterbrooke Cellular Corporation ("Easterbrooke"). ([Doc. 1-1] at ¶ 26). These contracts could only be terminated at the end of a term, and each contract contained a provision whereby if the plaintiffs terminated or breached the contract prior to the expiration of the term, they would be assessed liquidated damages in the amount of $200.00. (Id. at ¶¶ 28-29). The plaintiffs further allege that after ATTM acquired the assets of Easterbrooke, "the Defendants informed [them] that 'to avoid service interruption, [they] must switch to an AT&T phone and rate plan by August 31, 2008.'" (Id. at ¶ 31). The plaintiffs assert that these communications were "deceptive, misleading, and unfair" because they did not inform them (1) "that [Easterbrooke] intended to breach its contracts with [them]"; (2) "that because [Easterbrooke] intended to breach its contracts with [them] . . ., [they] . . . would not be subject to the liquidated damages clause if [they] terminated service after the April notice"; and (3) "that [they] . . . were free to enter into contracts with different providers." (Id. at ¶¶ 33-35). Based upon these allegations, the plaintiffs assert two causes of action. First, the plaintiffs contend that the defendants breached, or caused

2

another defendant to breach, a contract. (See Id. at ¶¶ 49-52). Second, the plaintiffs claim that the defendants violated the WVCCPA. (See Id. at ¶¶ 53-55).

On December 4, 2009, Defendant AT&T Inc. filed a 12(b)(2) motion to dismiss [Doc. 6], requesting that this Court dismiss the Complaint for lack personal jurisdiction. In support of this motion, AT&T Inc. claims it is a "non-resident holding company that conducts no business and sells no services or products in West Virginia (or elsewhere)" and that it "owns no property in West Virginia and has no contacts with the state." As a result, AT&T contends it lacks sufficient "minimum contacts" with West Virginia to justify the exercise of personal jurisdiction by this Court. ([Doc. 6] at 1). In response, the plaintiffs argue that AT&T Inc. "has fostered the ambiguity [of its connection to this case] even in its own press release concerning the acquisition of the assets and liabilities of [Easterbrooke]." ([Doc. 15] at 1). Specifically, on January 2, 2008, AT&T Inc. allegedly declared: "AT&T, Inc. today announced that it has completed, through a subsidiary, an acquisition of the assets, including licenses, network assets and subscribers, of [Easterbrooke]." (Id.). As a result of this "ambiguity," the plaintiffs request jurisdictional discovery to determine AT&T Inc.'s connection, if any, to this case. (Id. at 1-2). In reply, the defendants claim the plaintiffs are not entitled to jurisdictional discovery because they have failed to establish a prima facie case of personal jurisdiction.

On the same day, the defendants filed a 12(b)(6) motion to dismiss [Doc. 7], requesting that this Court dismiss the claims of Plaintiff White[1] for failure to state a claim

---

[1]Defendants limit this motion to Plaintiff White because Plaintiffs Wince and Loftis, as current or former ATTM customers, are subject to binding arbitration for the reasons set forth in Defendants' Motion to Compel Arbitration [Doc. 8]. This Court granted that motion by separate Order.

upon which relief can be granted. ([Doc. 6] at 1). In particular, the defendants contend that Plaintiff White failed to present sufficient factual support for the element of damages required for each cause of action. (Id. at 1-2). In response, the plaintiffs argue they have sufficiently alleged their claims, including the element of damages, sufficient to place the defendants on fair notice.

Finally, on January 25, 2010, ATTM filed a motion to stay [Doc. 18], requesting that this Court stay all proceedings pending final resolution of a proposed nationwide class settlement regarding early termination fee claims that may encompass some or all of the claims asserted in this litigation. In support of this request, ATTM attached a copy of an order by the United States District Court for the District of New Jersey granting preliminary approval of the proposed class settlement. [Doc. 18-1].

## DISCUSSION

### I.  12 (b)(2) Standard

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of producing facts that support the existence of jurisdiction. *See **Carefirst of Md., Inc. v. Carefirst Pregnancy Crisis Ctrs., Inc.***, 334 F.3d 390, 396 (4th Cir. 2003) ("When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff."). Ultimately, plaintiffs must establish personal jurisdiction by a preponderance of the evidence. ***New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,*** 416 F.3d 290, 294 (4th Cir. 2005); ***Carefirst of Md., Inc.***, 334 F.3d at 396. At this stage of the case, however, a plaintiff must establish a prima facie case for the exercise of personal jurisdiction by pointing to affidavits or other relevant

4

evidence.  *See* **New Wellington Fin. Corp.**, 416 F.3d at 294; **Carefirst of Md., Inc.**, 334 F.3d at 396.

A plaintiff must make two showings to establish personal jurisdiction over a non-consenting, non-resident defendant.  First, a plaintiff must show that a statute makes the defendant amenable to process.  *See e.g.,* **Consulting Eng'rs Corp. v. Geometric Ltd.**, 561 F.3d 273, 277 (4th Cir. 2009) ("A federal district court may only exercise personal jurisdiction over a foreign corporation if such jurisdiction is authorized by the long-arm statute of the state in which it sits and application of the long-arm statute is consistent with the due process clause of the Fourteenth Amendment."); *see also* **Int'l Shoe Co. v. Washington**, 326 U.S. 310, 314-15 (1945).  Second, maintenance of the suit in the forum at issue must be consistent with traditional notions of fair play and substantial justice embodied in the Due Process Clause of the United States Constitution.  **Int'l Shoe Co.**, 326 U.S. at 320.

West Virginia's long-arm statute extends to the constitutional maximum permitted by the Due Process Clause.  W.Va. Code § 56-3-33; *see also* **Touchstone Research Lab., Ltd. v. Anchor Equip. Sales, Inc.**, 294 F.Supp.2d 823, 827 (N.D. W.Va. 2003).  Thus, in West Virginia, the issue of personal jurisdiction is simple: whether the exercise of personal jurisdiction would comport with the Due Process Clause.  *See* **Williams v. Adver. Sex LLC**, 2007 WL 2570182, at *3 (N.D. W.Va. Aug. 31, 2007); *see also* **Christian Sci. Bd. of Dirs. v. Nolan**, 259 F.3d 209, 215 (4th Cir. 2001).  To comport with the Due Process Clause, a plaintiff must demonstrate that: (1) the non-resident "has 'minimum contacts' with the forum" and (2) "requir[ing] the defendant to defend its interests in that state 'does not

5

offend traditional notions of fair play and substantial justice.'" ***Carefirst of Md., Inc.***, 334 F.3d at 397 (quoting ***Int'l Shoe***, 326 at 316); *see also* ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462, 474-77 (1985).

## II. 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Ashcroft v. Iqbal***, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.*** In other words, the Rule 8 pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." ***Id.***

Although "a court must accept as true all of the allegations contained in a complaint," that principle is "inapplicable to legal conclusions." ***Iqbal***, 129 S.Ct. at 1949. A court, therefore, is simply "not bound to accept as true a legal conclusion couched as a factual allegation." ***Twombly***, 550 U.S. at 555. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are an insufficient basis to state a claim. ***Iqbal***, 1937 S.Ct. at 1949. For this reason, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" ***Id.*** (quoting ***Twombly***, 550 U.S. at 555, 557).

## III. Motion to Stay Standard

This Court possesses the inherent authority to stay a matter in furtherance of judicial

6

economy. See **Landis v. North American Co.**, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). Courts routinely exercise this power and grants stays when a pending nationwide settlement could impact the claims. See, e.g., **Lindley v. Life Ins. Co.**, 2009 WL 3296498 (N.D. Okla. Oct. 9, 2009); **Chartener v. Provident Mut. Life Ins. Co.**, 2003 WL 22518526 (E.D. Pa. Oct. 22, 2003).

IV. <u>Analysis</u>

    A. **Defendant AT&T Inc.'s 12(b)(2) Motion**

Defendant AT&T Inc. presents two arguments with regard to its 12(b)(2) motion: (1) this Court's exercise of personal jurisdiction over it in this matter would not comport with the Due Process Clause and (2) the plaintiffs are not entitled to jurisdictional discovery. This Court agrees with both.

As outlined above, for a court to exercise jurisdiction over a non-resident defendant, a plaintiff must demonstrate that: (1) the non-resident "has 'minimum contacts' with the forum" and (2) "requir[ing] the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" **Carefirst of Md., Inc.**, 334 F.3d at 397 (quoting **Int'l Shoe**, 326 at 316).

Here, the plaintiffs have failed to establish the first element, and thus, this Court finds no need to evaluate the second. Specifically, the plaintiffs have failed to illustrate that

7

AT&T Inc. has any "minimal contacts" with the State of West Virginia. In challenging jurisdiction, AT&T Inc. explains that it is merely a Delaware holding company that conducts no business and sells no services or products in West Virginia, or elsewhere. Further, AT&T Inc. claims it has no employees or real property in West Virginia, it is not licensed to do business in West Virginia, it has no registered agent in West Virginia, and it does not advertise in West Virginia. The plaintiffs have failed to establish otherwise. As a result, this Court cannot exercise personal jurisdiction, general or specific, over Defendant AT&T Inc. in this case.

Moreover, Defendant AT&T argues the plaintiffs are not entitled to jurisdictional discovery. In requesting discovery, the plaintiffs argue AT&T Inc.'s motion is premature and discovery is needed to examine the level of control AT&T Inc. has over its corporate subsidiaries. The plaintiffs appear to base this suspicion of control on a January 2, 2008, press release in which AT&T Inc. allegedly stated: "AT&T, Inc. today announced that it has completed, through a subsidiary, an acquisition of the assets, including licenses, network assets and subscribers, of Easterbrooke Cellular Corporation." In response, AT&T Inc. contends that because plaintiffs have failed to establish a prima facie case of personal jurisdiction, they are not entitled to discovery. This Court agrees.

As the Fourth Circuit has explained, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." **Carefirst of Md., Inc.**, 334 F.3d at 402. Likewise, if "the plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction," a court may deny a request for discovery. **Base Metal Trading, Ltd. v.**

***OJSC Novokuznetsky Aluminum Factory***, 283 F.3d 208, 216, n.3 (4th Cir. 2002). In the instant case, the plaintiffs rely solely on a press release to speculate that AT&T Inc. exerted control over its subsidiaries to cause Defendant Easterbrooke to breach its contracts with them. In its discretion, however, this Court elects not to sanction this "fishing expedition." Accordingly, Defendant AT&T Inc.'s 12(b)(2) motion [Doc. 6] should be **GRANTED**.

### B. Defendants' 12(b)(6) Motion

Defendants argue that Plaintiff White has failed to state a claim upon which relief can be granted. In particular, the defendants argue Plaintiff White has failed to sufficiently allege the injury elements required in each of his two causes of action. This Court agrees.

As stated above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Iqbal***, 129 S.Ct. at 1949 (quoting ***Twombly***, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.***

In the instant case, Plaintiff White pled two causes of action that contain the required element of damage or injury: (1) breach of contract and (2) violation of the WVCCPA. First, under West Virginia law, "to state a claim for breach of contract under Rule 8, [a plaintiff] must allege the following elements: the existence of a valid, enforceable contract, that the plaintiff has performed under the contract, that the defendant has breached or violated its duties or obligations under the contract, *and that the plaintiff has been injured as a result.*" ***Executive Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.***, No. 2:08-cv-00810, 2009 WL 2357114, at *28 (S.D. W.Va. July 30, 2009) (emphasis added). Similarly, the WVCCPA

provides a cause of action to "[a]ny person who purchases or leases goods or services and *thereby suffers any ascertainable loss of money or property*, real or personal, as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article." W.Va. Code § 46A-6-106 (emphasis added).

In the challenged Complaint, Plaintiff White fails to state any facts that, accepted as true, would demonstrate a concrete injury or damages. For example, White alleges that his Easterbrooke contract contained an early termination fee, but he does not claim he paid the fee. Further, White alleges ATTM's marketing efforts were "deceptive, misleading, and unfair," but he does not allege either that he became an ATTM customer as a result of those efforts, or that if he had done so, he would have been injured or harmed in any tangible way by accepting ATTM service. Thus, Plaintiff White alleges no facts that would support any claim of injury.

Instead, White briefly mentions damages in the course of reciting the elements of his causes of action. With regard to his breach of action claim, White states that "[t]he breach of contract by the Dealership [sic] proximately caused Plaintiffs and the putative class to suffer damage." Similarly, with respect to the WVCCPA claim, White asserts that "Plaintiffs and the putative class suffered damages proximately caused by the aforesaid unfair or deceptive acts or practices." At no point, however, does White plead factual support for these legal conclusions. As *Iqbal* advises, though White is permitted to assert "legal conclusions [that] can provide the framework of a complaint," those conclusions "must be supported by factual allegations." See *Iqbal*, 129 S.Ct. at 1950. Instead, White

has failed to present any factual allegations to support his conclusory allegations of injury. As a result, White's claims must be dismissed.

Accordingly, Defendants' 12(b)(6) motion to dismiss [Doc. 7] should be **GRANTED**. The Complaint [Doc. 1-1] shall be **DISMISSED without prejudice** insofar as it states the claims of Plaintiff White, who shall have thirty (30) days to **AMEND**.

### C. Defendant ATTM's Motion to Stay

Finally, Defendant ATTM filed a motion requesting this Court to stay the matter pending final resolution of a proposed nationwide class settlement regarding early termination fee claims that may encompass some or all of the claims asserted in this litigation. However, based upon this Court's rulings on the 12(b)(6) motion and the motion to compel arbitration, the Complaint is no longer before this Court. Accordingly, Defendant ATTM's Motion to Stay [Doc. 18] should be **DENIED as moot**.

### CONCLUSION

For the reasons stated above, this Court finds that Defendant AT&T Inc.'s Motion to Dismiss [Doc. 6] should be, and hereby is, **GRANTED**. In addition, this Court finds that Defendants' Motion to Dismiss [Doc. 7] should be, and hereby is, **GRANTED**. Accordingly, insofar as it alleges the claims of Plaintiff White, the Complaint [Doc. 1-1] is **DISMISSED without prejudice**. Plaintiff White shall have thirty (30) days to **AMEND** the Complaint. Finally, Defendant ATTM's Motion to Stay [Doc. 18] should be, and hereby is, **DENIED as moot**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 2, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE